Newman, J.
The journal entry of the court of common pleas, which was admitted in evidence over the objection of defendant below, is as follows: “The defendant coming into open court with his . counsel, E. C. Powell, and being arraigned upon • the indictment herein, waived the reading thereof, and for plea thereto, saith he is not guilty as charged in said indictment. Thereupon the defendant ten *6 dered his plea of guilty as to assault and battery under said indictment, which said plea was rejected by the state.”
It is apparent from the record that this entry did not recite all that occurred at the time the tender was made. It appears from the testimony.of the prosecuting attorney, called as a witness on behalf of the defendant, that the tender of a plea of guilty of assault and battery was accompanied by a statement of counsel that the tender was made for the purpose of avoiding costs in the event of a conviction of assault and battery.
After a motion for a new trial was overruled and sentence was pronounced, the trial court ordered the clerk to amend the entry to conform to the facts as they transpired in court, and the entry as amended recites that the tender of the plea was not made for the purpose of admitting defendant’s guilt of any offense under the indictment, but for the purpose of avoiding the payment of costs in the event of his conviction of assault and battery.
We are not advised of the purpose for which an amendment was sought after conviction, or whether additional facts were brought to the attention of the court upon the hearing of the application for an amendment. Had the entry appeared upon the journal in its amended form, at the time of the trial, it is obvious that the same would have served no purpose of the state and the same would not have been offered in evidence.
The entry was received in evidence in its original form and the court in its charge used this language: “You are charged as a matter of law that the only *7 pleas authorized by law to the merits of an indictment are ‘guilty’ or ‘not guilty;’ and you are further instructed that a tender of a plea of ‘guilty’ to any lesser degree included in an indictmént, even though at time said plea is made to avoid costs, is in law a plea of guilty to such lesser degree under said indictment.”
The court had already defined to the jury the offense of assault and battery. We quote from, the charge: “If you should find, after a careful consideration of all of the evidence in this case, that the state has established the fact of the shooting, but has failed to establish that it was done maliciously or has failed to establish that it was with intent to kill or wound, and yet you find that it was unlawful then you can consider the lesser offenses included in this charge. Those are assault and battery, and assault. * * * If there was an assault and battery here, it must be the result of the striking of Jackson by the ball fired from the gun by this defendant.” The tender of a plea of guilty to that offense under the instruction of the court first above quoted amounted to an admission, evidenced by an entry on the journal of the court, that the accused had done the shooting unlawfully. To convict him of shooting with intent to wound all that remained for the state to prove was malice and intent.
Assuming that this tender amounted to an admission on the part of the accused that ■ he was guilty of an unlawful shooting, was the jóurnál entry competent evidence to establish that fact ?
Section 13632, General Code, provides that upon arraignment the accused shall plead guilty of not guilty. In this case defendant pleaded not guilty.to *8 the indictment, and this was properly entered upon the journal. Then followed this tender of a plea of guilty of assault and battery, which was rejected by the state. There was no authority for an entry of this fact upon the journal. The court of appeals in reviewing this case correctly held that the offer to plead guilty of assault and battery and its refusal by the state had no proper place on the journal. Yet the trial court permitted its introduction in evidence and gave to it the same force and effect as though it were duly authorized, importing absolute verity. The rule admitting records in evidence applies only to such matters as are legitimately a part of the record. The court therefore erred in pérmitting the introduction of this record. There is np evidence tending to show that the entry was on the journal with the knowledge or consent of the accused or his counsel. If the state desired to present to the jury what was said or done after the formal plea of not guilty was entered it should have adopted another method. A witness who had knowledge of what had taken place could have been .'called and could have testified to this tender of a plea, subject, however, to the right of the defendant to inquire as to the condition upon which or the purpose for which it was made. ■
,. True, the court instructed the jury that if it appeared that there was no intent or purpose on the part of the defendant to admit his guilt of any offense when he tendered his plea of guilty, then such tender could not be taken as an admission of guilt of any offense charged in the indictment. This may have weakened to some extent the force of the charge in reference to the language used in the *9 entry, but it nevertheless placed upon the accused the burden of convincing the jury that the tender to plead guilty was not an admission of the unlawful shooting.
The defendant by his plea of not guilty to thé indictment denied the shooting. This was one of the essential elements of the crime of which he was convicted. There was little if any direct evidence tending to show that defendant did the shooting. His claim was that it was done accidentally. In admitting this incompetent evidence to prove the unlawful shooting the substantial rights of thé defendant were prejudiced.
The court of appeals, which considered and weighed the evidence, stated that the serious question confronting it was whether or not the judgment should be reversed upon the ground that it was not sustained by the weight of the evidence. On that question the court was not in full accord. It is most likely, we think, that this incompetent evidence contributed to the result at which the jury arrived.
As to the other errors assigned by plaintiff in error we are of the opinion that the court of appeals was correct in its conclusions.
For prejudicial error in the admission of the journal entry in evidence the court, of appeals should have reversed the judgment of the court of common pleas and remanded the cause for a new trial.

Judgment reversed.

Nichols, C. J., Shauck, Johnson, Donahue and Wilkin, JJ., concur. Wanamaker, J., dissents.